**UNITED STATES of America,**
Appellee,

v.

**Stephen HARRINGTON, Defendant–Appellant.**

No. 05–6958–cr.

United States Court of Appeals, Second Circuit.

Sept. 20, 2007.

Thomas P. Belsky, Assistant Federal Defender (Thomas G. Dennis, Federal Defender, on the brief), New Haven, CT, for Defendant–Appellant.

John A. Marrella, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney, William J. Nardini, of counsel, on the brief), New Haven, CT, for Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. B.D. PARKER, Circuit Judges and CHARLES L. BRIEANT JR., District Judge.*

## SUMMARY ORDER

Defendant–Appellant Stephen Harrington appeals from a December 22, 2005 judgment of the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*), sentencing him principally to 180 months' imprisonment upon his plea of guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e). We assume the parties' familiarity with the balance of the facts, procedural history, and issues on appeal.

Harrington urges that the District Court violated his Sixth Amendment rights when it determined that his prior convictions qualified him for an enhanced sentence under the Armed Career Criminal Act. *See* 18 U.S.C. § 924(e). Assuming that Harrington properly preserved this objection below, it nevertheless fails. In *United States v. Santiago*, 268 F.3d 151, 157 (2d Cir.2001), *cert. denied*, 535 U.S. 1070, 122 S.Ct. 1946, 152 L.Ed.2d 849 (2002), we held that "the existence of three prior felony convictions for offenses committed on separate occasions is a sentencing factor, not an offense element," and therefore may be determined by a judge. Harrington candidly—and correctly—"acknowledges" that *Santiago* "forecloses" his argument. Moreover, to the extent that the District Court examined the statutory definitions of Harrington's prior offenses in evaluating whether they were of the kind that fall within § 924(e), this examination comports with the Sixth Amendment. *See Shepard v. United States*, 544 U.S. 13, 16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).

For those reasons, we AFFIRM the judgment of the District Court.

---

* The Honorable Charles L Brieant, Jr., of the United States District Court for the Southern District of New York, sitting by designation.